IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTURO GARCIA,

        Petitioner,

v.

JEFF PREMO,

        Respondent.

Case No. 6:14-cv-01684-MO

OPINION AND ORDER

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of two state-court Robbery convictions from 2008. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On January 28, 2008, petitioner robbed a Dari Mart convenience store in Eugene. At the time, Ellen Harrison and Jonathan Shields were working as store clerks, and a 10-year-old girl was in the store by herself to purchase a beverage. Petitioner, who was armed with a "big shiny gun," approached Shields, pointed the gun at him, and yelled at him to give him money. Trial Transcript, pp. 146-47. Shields gave petitioner all the money in the till. Petitioner cocked the gun, pointed it at both Shields and Harrison, and told them to get down. *Id* at 148, 161-62. The clerks complied with this directive. Petitioner also pointed his firearm at A.V. and told her not to move before he exited the store. *Id* at 246; Respondent's Exhibits 124 & 126.

Law enforcement personnel ultimately apprehended petitioner, and the Lane County Grand Jury indicted him on three counts of Robbery in the First Degree and three counts of Robbery in the Second Degree. Respondent's Exhibit 102. The case proceeded to trial where defense counsel moved for a judgment of acquittal at the close of the State's case: "The defense moves for judgment of acquittal on Counts 1 through 6. I don't know if the Court wants to hear argument." Trial Transcript, p. 248. The trial judge

2 - OPINION AND ORDER

stated, "I'm going to deny your motions." *Id.* Although the judge then indicated a willingness to listen to any specific arguments counsel might have, she did not provide any.

The jury ultimately found petitioner guilty on all counts, and the trial court sentenced him to 180 months in prison. Respondent's Exhibit 101. Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Garcia,* 232 Or. App. 284, 222 P.3d 53 (2009), *rev. denied*, 347 Or. 718, 226 P.3d 709 (2010).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR court denied relief on all of his claims. Respondent's Exhibit 128. The Oregon Court of Appeals affirmed the lower court's decision without opinion, and the Oregon Supreme Court once again denied review. *Garcia v. Franke*, 262 Or. App. 237, 327 P.3d 572, *rev. denied*, 355 Or. 751, 331 P.3d 1010 (2014).

Petitioner filed this federal habeas corpus case on December 23, 2014. With the assistance of appointed counsel, petitioner argues that trial counsel was constitutionally ineffective when she failed to make specific arguments supporting her motion for a judgment of acquittal as to the Robbery charges (Counts Five and Six) pertaining to A.V. Respondent asks the court to deny relief on the Petition because: (1) petitioner fails to carry his burden of proof as to the claims he raises but does not argue; and (2) the PCR court's denial of petitioner's argued claim was not objectively unreasonable.

3 - OPINION AND ORDER

## DISCUSSION

I. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C.

4 - OPINION AND ORDER

§ 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.*

## II. Unargued Claims

As Ground 2.2 of his Petition, petitioner alleges that trial counsel failed to provide any argument in support of her motion for judgment of acquittal where there was insufficient evidence to support convictions as to Counts Five and Six. Petitioner does not argue the remainder of his seven sub-claims from Ground Two, nor does he provide argument to support the claims contained within Grounds One, Three, Four, and Five of his Petition. As such, petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## III. Ineffective Assistance of Counsel: Motion for Judgment of Acquittal

Petitioner believes that, had counsel properly argued the motion for judgment of acquittal, the trial court would have acquitted him as to Counts Five and Six. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v.*

*Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the proceeding. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

A.V. did not testify at trial, and petitioner asserts that the State failed to present sufficient evidence from which a rational jury could find he used or threatened the use of force upon A.V. during the robbery. He argues that counsel's general motion for judgment of acquittal was insufficient to effectively raise the issue or preserve it for his direct appeal.

A person is considered a victim of robbery in Oregon if a defendant uses or threatens to use violence against her in the course of committing or attempting to commit the crime. *State v.*

6 - OPINION AND ORDER

*Hamilton*, 348 Or. 371, 379 (2010). A motion for judgment of acquittal in Oregon is appropriate only where, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Shields*, 184 Or. App. 505, 509, 56 P.3d 937 (2002).

The PCR record includes defense counsel's rationale for electing not to make any specific argument in support of the motion for judgment of acquittal:

> 6. Petitioner alleges that I did not provide argument in support of my motion for a judgment of acquittal on Counts 5 and 6. I did not feel that I had a very good specific argument that I could make. The video of the robbery showed the person purported to be the petitioner swinging the gun at [A.V.] during the course of the robbery. Therefore, he used a weapon and force against [A.V.] in the process of this robbery. The evidence of the video was sufficient to support the claim against [A.V.], with that evidence looked at in the light most favorable to the state.

Respondent's Exhibit 123, p. 2.

The PCR record also includes an affidavit from the prosecutor which sheds further light on the issue:

> 5. If trial counsel had made a motion for judgment of acquittal on Counts 5 and 6 on the basis that petitioner did not threaten [A.V.] personally, I would have been able to effectively respond. The video showed that the girl, [A.V.], was subject to defendant pointing the gun directly at her and others to exert control over their movements in the store. He was within feet of her when he did this. He was menacing and clearly deadly serious. I recall he worked the action on the gun (which you could hear on the security recording) and whacked the gun on the

7 - OPINION AND ORDER

>       counter. The video is better seen than explained.
>
>       6. The argument would be that he used force/threat of force, with a deadly weapon to prevent anybody from getting in the way of the robbery, which would include a little girl who might otherwise run out of the building to her parents waiting in the parking lot or call the police, or simply freak out in the store and draw[] more attention from the outside.
>
>       7. I do not know that I would even have had to make any argument because it was obvious to the jury from the video that everyone in his vicinity was the subject of his deadly threats which he made to accomplish his robbery efficiently and without interruption or complication.

Respondent's Exhibit 126, p. 2.

Based upon the record before it, the PCR court found that while counsel did not argue the motion for judgment of acquittal, petitioner suffered no prejudice as a result because "there were no legal grounds" upon which to base the motion, and the trial court "clearly would have denied [the motion.]" Respondent's Exhibit 128, p. 2. Taking the facts in the light most favorable to the prosecution, it was evident from the Dari Mart's surveillance recording that petitioner pointed his gun at A.V. and instructed her not to move so to dissuade her from interfering with the crime. Given this record, A.V. was a victim of robbery under Oregon law such that a motion for judgment of acquittal on this basis would not have been successful.

Moreover, the PCR court's determination that there were no legal grounds to support the argument petitioner advocates in the context of a motion for judgment of acquittal constitutes a

8 - OPINION AND ORDER

state-court determination of a state-law issue, something this court is obligated to accept. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). For all of these reasons, counsel was under no duty to make the argument petitioner advances here and, even if she had raised the argument, petitioner would not have succeeded on his motion for judgment of acquittal. Accordingly, the PCR court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 28 day of November, 2016.

Michael Mosman
United States District Judge

9 - OPINION AND ORDER